**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN PARKER,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Case No. 20cv7384 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

In 2018, Petitioner Ryan Parker pled guilty, and was subsequently convicted and sentenced on a one-count Indictment for violating 18 U.S.C. § 922(g)(1). Petitioner now moves to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. D.E. 1 ("Mot."). For the reasons set forth below, Petitioner's motion will be **DENIED** and Petitioner will be **DENIED** a certificate of appealability.

**I.　　BACKGROUND**

On September 28, 2017, in a one-count Indictment, Petitioner was charged with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Ryan Parker*, No. 17cr414 (D.N.J.) ("Crim. Case") D.E. 1. On April 30, 2018, Petitioner pled guilty. Crim. Case D.E. 18. On July 31, 2018, Petitioner was convicted and sentenced to 100 months' imprisonment followed by a three-year term of supervised release. Crim. Case D.E. 25. Petitioner did not file a direct appeal challenging his conviction or sentence. *See* Mot. at 3.

On June 10, 2020, Petitioner moved to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction must be overturned in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* Mot. at 5. On

July 31, 2020, Respondent United States ("Government") opposed, arguing that Petitioner has procedurally defaulted on his claim. D.E. 3 ("Opp'n").[1] The Court now decides this motion.

## II.     LEGAL STANDARD

In relevant part, Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). However, Section 2255 does not provide a remedy for all trial or sentencing errors. *See United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Instead, Section 2255 is only implicated when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979).

## III.    DISCUSSION

Petitioner argues that his conviction must be vacated in light of *Rehaif*. According to Petitioner:

> [T]he government must prove beyond a reasonable doubt that the accused knew that he or she had (status) that makes it unlawful to possess a firearm[. F]or example, if a person is charged with possessing a firearm as a convicted felon, then the government must now prove, that the person knew that they were a convicted felon.

---

[1] Petitioner did not reply.

Mot. at 5. "Also: that government must prove knowledge of prohibited status." *Id.* Based on this language, Petitioner appears to be asserting that his guilty plea is invalid because the Government was required to, but did not, establish that Petitioner knew that he was a convicted felon (relevant status) when he possessed a firearm.[2] In response, the Government contends that Petitioner's Section 2255 motion must be denied because Petitioner's claim under *Rehaif* is procedurally defaulted, as it was not raised on direct appeal, and Petitioner cannot show cause excusing this default and actual prejudice nor actual innocence. *See* Opp'n at 2-6. The Court agrees with the Government.

A defendant may seek relief under Section 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif*, Supreme Court held that "in order to be found guilty of violating 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm under the statute at the time that he knowingly possessed a firearm." *Hoffman v. United States*, 2021 U.S. Dist. LEXIS 225729, at *4 (D.N.J. Nov. 23, 2021) (citing *Rehaif*, 139 S. Ct. at 2194).

Here, Petitioner's Section 922(g)(1) charge was premised on his convicted felon status when he possessed a firearm. Therefore, under *Rehaif*, the Government would be required to establish that Petitioner knew at the time he possessed the firearm that he "had been convicted of a crime punishable by more than one year of imprisonment." *Id.* (quoting *United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020)). But because Petitioner entered his guilty

---

[2] A district court need not hold an evidentiary hearing on a Section 2255 motion if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief. Therefore, the Court will not conduct an evidentiary hearing.

plea prior to *Rehaif*, his plea was accepted without acknowledging that Petitioner's knowledge of his status as a convicted felon was an element of his Section 922(g)(1) charge.

However, the Government does not contend that it ever attempted to satisfy the Section 922(g) knowledge element, but instead that Petitioner's Section 2255 should be dismissed as Petitioner procedurally defaulted any potential *Rehaif* claim by failing to directly appeal his conviction. Opp'n at 3. "Where an issue was not raised at trial[3] nor on direct appeal, it has been procedurally defaulted." *Hoffman*, 2021 U.S. Dist. LEXIS 225729, at *4-5 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (explaining that a claim becomes procedurally defaulted when it is the type of claim that "can be fully and completely addressed on direct review based on the record created")) (citation omitted). Here, Petitioner did not raise this issue before the Court at his plea hearing nor did he directly appeal his conviction. *See* Mot. at 3. Therefore, Petitioner's claim is procedurally defaulted. *Id.* at *5; *Farlow v. United States*, 2021 U.S. Dist. LEXIS 41511, at *5 (D.N.J. Mar. 5, 2021) (finding that as the petitioner "could have raised such a claim on direct appeal…his claim is defaulted").

Furthermore, the Government asserts that Petitioner cannot show cause for his default and actual prejudice resulting therefrom nor can he show actual innocence. *See* Opp'n at 3-6. "Where a habeas petitioner has procedurally defaulted a claim, he cannot be granted relief on that claim unless he can show cause for his default and actual prejudice or that he is actually innocent of the charge in question." *Farlow*, 2021 U.S. Dist. LEXIS 41511, at *5 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)) (citations omitted); *Bousley*, 523 U.S. at 622 (same); *McKnight v. United States*, 27 F. Supp. 3d 575, 588 (D.N.J. 2014) (same). Petitioner has not demonstrated that he can overcome his default.

---

[3] Or at a plea hearing.

First, Petitioner has not demonstrated cause for his default because he cannot show that his claim is novel. "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). But, in *Bousley*, the Supreme Court explained that a claim is not novel if "at the time of [a] petitioner's plea, the Federal Reporters were replete with cases involving challenges" on an identical theory. 523 U.S. at 623. And "'futility cannot constitute cause if it means simply that claim was unacceptable to that particular court at that particular time.'" *Id.* at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

Courts have consistently rejected the novelty argument in procedurally defaulted *Rehaif* claims. *See, e.g.*, *United States v. De Castro*, 49 F.4th 836, 845-46 (3d Cir. 2022) ("Because the Court in *Greer* acknowledged that *Rehaif* undid a 'uniform wall of precedent' from the courts of appeals, 141 S. Ct.[2090,] 2099 [(2021)], and that did not suffice to show cause, we hold that De Castro's reference to that same 'wall of precedent' is no excuse for his failure to preserve a *Rehaif* argument."); *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (holding that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default"); *Carney v. United States*, 2023 U.S. Dist. LEXIS 24616, at *8-9 (D.N.J. Feb. 14, 2023) (finding the petitioner did not show cause excusing his default on his *Rehaif* claim because the claim was not novel); *Burks v. United States*, 2020 Dist. LEXIS 194029, at *(D.N.J. Oct. 20, 2020) ("'[T]he issue decided in *Rehaif* was not so novel that its legal basis was not reasonably available' to defendants, including [the p]etitioner, in the years prior to the Supreme Court's decision.") (cleaned up); *United States v. Morales-Ortiz*, 2020 U.S. Dist. LEXIS 231016, at *8 (E.D. Pa. Dec. 9, 2020) (explaining that "Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has

appeared in a countless number of courts of appeals over the years"). Thus, because Petitioner's *Rehaif* claim is not novel, Petitioner cannot show cause excusing his procedural default.

Moreover, assuming *arguendo* that Petitioner could show cause, he has not argued, let alone demonstrated, that he was actually prejudiced by the Government's failure to inform him of the knowledge element of Section 922(g) outlined in *Rehaif*. In a plea context, such as here, to show actual prejudice, a petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has made no argument, nor can the Court infer any, showing that he was actually prejudiced by the Government's failure to inform him of the knowledge element in Section 922(g)(1). Accordingly, Petitioner's procedural default is not excused by cause and actual prejudice.

Lastly, Petitioner has not demonstrated that his procedural default is excused by actual innocence. "When actual innocence relies on an intervening interpretation of substantive criminal law, the actual-innocence gateway standard requires a petitioner to show that, in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." *Cordaro v. United States*, 933 F.3d 232, 241 (3d Cir. 2019) (citing *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 184 (3d Cir. 2017)). To satisfy this burden, Petitioner must present "new, credible evidence of innocence 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free from nonharmless constitutional error.'" *Farlow*, 2021 U.S. Dist. LEXIS 41511, at *8-9 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (cleaned up).

Here, for Petitioner to convincingly raise an actual innocence argument, he would need to demonstrate that it is more likely than not that no reasonable juror properly instructed on the

knowledge element of Section 922(g)(1) would have convicted him.[4] *See Cordaro*, 933 F.3d at 241. Relevant here, "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). The record evidence shows that Petitioner was not only previously convicted and sentenced on at least one other crime punishable by a term of imprisonment exceeding one year, but also that he served more than one year in prison as a result. D.E. 3-1 ¶ 30 (noting Petitioner was arrested for the sale of narcotics in July 2005 and was sentenced to "4 years' incarceration" in January 2006). Additionally, during his plea hearing on his Section 922(g)(1) charge, Petitioner admitted that he knowingly possessed a firearm and that he knew at that time that he was a convicted felon:

> [The Court]: All right. Now, tell me this, last year, last May, around May 30th in Passaic County, did you knowingly possess a firearm?
>
> [Defendant]: Yes, sir.
>
> [The Court]: Was that firearm a 9 millimeter Luger Hi-Point C-9 semiautomatic which had a serial number P1843167?
>
> [Defendant]: Yes.
>
> . . . .
>
> [The Court]: Now, before May of last year, had you been convicted up in Superior Court in Paterson for a crime?
>
> [Defendant]: Yes.
>
> [The Court]: Had that crime carried a punishment of a year at least?
>
> [Defendant]: Yes.
>
> [The Court]: For a term more than a year. That's what I'm saying, a term of a year or more?

---

[4] Petitioner does not explicitly make this argument, but for completeness, the Court addresses why this argument would be without merit.

>   [Defendant]: Yes.

Crim. Case D.E. 30 at 8-9. Therefore, it would be without merit for Petitioner to argue that he was unaware of his status as a convicted felon, given that he spent more than one year in prison and he acknowledged that he was a convicted felon at his plea hearing. *See Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon."). Consequently, Petitioner has not demonstrated that actual innocence excuses his procedural default.

For the foregoing reasons, Petitioner procedurally defaulted his *Rehaif* claim, he has not shown cause for his default and actual prejudice, nor has he shown actual innocence. Accordingly, Petitioner's Section 2255 motion cannot proceed.

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a Section 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court will deny a certificate of appealability because reasonable jurors would not find it debatable that Petitioner failed to make a substantial showing of the denial of a constitutional right.

## V.     CONCLUSION

Petitioner's Section 2255 motion will be **DENIED** and Petitioner will be **DENIED** a certificate of appealability. An appropriate Order follows.

_5/15/2023_
Date

_Evelyn Padin_
Evelyn Padin, U.S.D.J.